**Opinion filed April 19, 2018**



In The

# Eleventh Court of Appeals

_____

## No. 11-17-00284-CR
_____

## ALONZO ROSHAWN PRIMUS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 29th District Court**
**Palo Pinto County, Texas**
**Trial Court Cause No. 13606**

## M E M O R A N D U M   O P I N I O N

Appellant, Alonzo Roshawn Primus, originally pleaded guilty to the offense of possession with the intent to deliver between four and two hundred grams of cocaine. Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for six years. The trial court subsequently added two years to the term of deferred adjudication community supervision, making the total term eight years. The State later filed a

motion to adjudicate and two amended motions to adjudicate Appellant's guilt. At the adjudication hearing, Appellant pleaded true to all of the State's allegations. The trial court found all of the allegations to be true, adjudicated Appellant guilty of the charged offense, and assessed his punishment at confinement for forty years and a fine of $2,210. We dismiss the appeal.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that there are no arguable issues that can be asserted in this appeal. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a form motion for pro se access to the appellate record. Counsel also advised Appellant of his right to review the record and file a response to counsel's brief. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991); *High v. State*, 573 S.W.2d 807 (Tex. Crim. App. [Panel Op.] 1978); *Currie v. State*, 516 S.W.2d 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137 (Tex. Crim. App. 1969); and *Eaden v. State*, 161 S.W.3d 173 (Tex. App.—Eastland 2005, no pet.).

Appellant has filed a pro se response to counsel's *Anders* brief. Appellant asserts in his response that his rights were violated by the trial court failing to adjudicate his guilt earlier and "continually allowing Appellant to post bail when in fact the trial court knew he was a danger to society." In addressing an *Anders* brief and a pro se response, a court of appeals may only determine (1) that the appeal is wholly frivolous and issue an opinion explaining that it has reviewed the record and finds no reversible error or (2) that arguable grounds for appeal exist and remand the

cause to the trial court so that new counsel may be appointed to brief the issues. *Schulman*, 252 S.W.3d at 409; *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005).

Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit and should be dismissed. *See Schulman*, 252 S.W.3d at 409. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). In this regard, a plea of true standing alone is sufficient to support a trial court's decision to revoke community supervision and proceed with an adjudication of guilt. *See Moses v. State*, 590 S.W.2d 469, 470 (Tex. Crim. App. [Panel Op.] 1979). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App. 1999). Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.

We note that counsel has the responsibility to advise Appellant that he may file a petition for discretionary review with the clerk of the Texas Court of Criminal Appeals seeking review by that court. TEX. R. APP. P. 48.4 ("In criminal cases, the attorney representing the defendant on appeal shall, within five days after the opinion is handed down, send his client a copy of the opinion and judgment, along with notification of the defendant's right to file a *pro se* petition for discretionary review under Rule 68."). Likewise, this court advises Appellant that he may file a petition for discretionary review pursuant to TEX. R. APP. P. 68.

The motion to withdraw is granted, and the appeal is dismissed.

PER CURIAM

April 19, 2018

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Willson, J.,
Bailey, J., and Wright, S.C.J.[1]

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.